IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Rhyne, | ) Civil Action No.: 4:14-1566-BHH |
| Plaintiff, | ) |
| v. | ) |
| | ) **OPINION AND ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

In this action, the plaintiff Larry James Rhyne ("the plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The plaintiff filed his complaint pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), essentially asserting that the Commissioner's decision was not supported by substantial evidence and the Appeals Council erred in declining review. (ECF No. 1.)

The matter is currently before the Court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers made in accordance with 28 U.S.C. § 636(c) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C. and filed on December 5, 2014. (ECF No. 16.) In the Report, Magistrate Judge Rogers recommended that this action be dismissed for failure to prosecute, and failure to comply with a Court order pursuant to Fed. R. Civ. P. 41(b).

## STANDARD

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96

S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Plaintiff has failed to comply with this Court's orders. As such, the Court finds that this case should be dismissed pursuant to Fed. R. Civ. P. 41(b).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this

-3-

action is **DISMISSED** without prejudice.

    IT IS SO ORDERED.

<u>/s/Bruce Howe Hendricks</u>
United States District Judge

January 9, 2015
Greenville, South Carolina